United States District Court
Southern District of Texas
**ENTERED**
September 09, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| IN RE SIM 2 TANK BARGE, OFFICIAL NO. 1089249 | § § § § § § § CIVIL ACTION NO. 3:24-cv-00036 |

## OPINION AND ORDER

The Limitation of Liability Act ("Limitation Act") "allows shipowners to limit their liability for an array of 'claims, debts, and liabilities' that might arise from the activities of their vessels to 'the value of the vessel and pending freight,' as long as the incident giving rise to liability occurred 'without the privity or knowledge of the owner.'" *In re N&W Marine Towing, L.L.C.*, 31 F.4th 968, 970 (5th Cir. 2022) (quoting 46 U.S.C. § 30505(a)–(b)). Whether a vessel owner is entitled to limitation is a two-step inquiry. "First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident. Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness." *Farrell Lines Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976).

Pending before me in this limitation action is a Motion to Bifurcate filed by Claimant Anacleto Acosta ("Acosta"). Dkt. 33. Acosta requests that this court first determine whether Limitation Petitioner Savage Inland Marine, LLC ("Savage") "was negligent (or whether its vessel was unseaworthy)" and, if so, whether such negligence or unseaworthiness was within Savage's privity or knowledge. *Id.* at 1. Acosta requests "all remaining issues (i.e., other parties' fault, apportionment of liability, and damages)" be tried to a jury "if [the claimants] wish." *Id.* Acosta requests, in the alternative, that the limitation case be tried "concurrently with the removed personal injury case and [that] a jury decide all issues of fact other than the core Limitation issues." *Id.*

Savage is unopposed to "bifurcat[ing] trial of this case, such that core limitation issues (i.e., [Savage]'s negligence, issues of privity and knowledge) will first be tried to the bench," but is opposed to Acosta's request "that, no matter what the outcome of the Limitation case, he be allowed to try all remaining issues to a jury, at [his] sole discretion." Dkt. 34 at 1. Savage contends that Acosta may try the remaining issues to a jury "only if limitation is **denied** . . . and even then, only subject to the district court's discretion." *Id.*

Claimant Gulf Sulphur Services, Ltd., LLLP ("GSS") is opposed to Acosta's alternative request to bifurcate the issues, empanel a jury, and concurrently try the limitation case to Judge Brown and the personal injury case to a jury. GSS requests that this court "decide all related matters, including damages, as '*preferred*' practice in the Fifth Circuit." Dkt. 35 at 2 (emphasis added). In making this request, GSS takes the position that "allocation of liability is also a core limitation issue." *Id.* In support of this argument, GSS cites several cases from the Eastern District of Louisiana in which district courts exercised their purported discretion to determine apportionment of fault alongside core limitation issues. *See id.* at 3–4. In citing these cases—which are merely persuasive, not precedential authority—GSS acknowledges "that district courts in this circuit have treated this issue differently but believes that the majority position is that allocation of fault is a limitation issue which *should* be considered by the Court." *Id.* at 3 (emphasis added).

To be clear, allocation of liability is *not* a core limitation issue that *must* be decided before the bench in a federal forum. The Fifth Circuit has held that "issues 'related to' limitation" are *only* those "issues affecting the *shipowner's right* to limitation, such as ownership, privity, knowledge, and valuation." *See Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1578 (5th Cir. 1992). The Fifth Circuit has never held that the Limitation Act or the Supplementary Rules for Admiralty or Maritime Claims compel a limitation court to decide allocation of liability. *See* 46 U.S.C. §§ 30501–30530; FED. R. CIV. P. SUPP. Rule F.

To the contrary, the Fifth Circuit has recognized the "'recurring and inherent conflict' between the exclusive jurisdiction vested in admiralty courts by the Limitation of Liability Act and the common law remedies embodied in the saving to suitors clause of 28 U.S.C. § 1333." *Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995). I understand the efficiency that GSS and my colleagues in the Eastern District of Louisiana find in determining allocation of fault alongside core limitation issues. But I do not find such efficiency sufficient to outweigh Acosta's right to have anything other than "ownership, privity, knowledge, and valuation" determined in whatever manner he chooses, provided that Savage's right to limitation, if any, is protected. *Magnolia Marine*, 964 F.2d at 1578.

I will grant Acosta's Motion to Bifurcate. This court will first preside over a bench trial that will determine: (1) whether Savage was negligent or whether its vessel was unseaworthy; and (2) if so, whether Savage had privity or knowledge of such negligence or unseaworthiness. The determination of these core limitation issues will inform the court and the parties as to how the remaining issues, if any, should be handled.

If the court finds that Savage was not negligent, Savage is entitled to exoneration from liability and this case is over. *See In re Nassau Bay Water Sports, Inc.*, No. 94-20252, 1995 WL 449710, at *5 (5th Cir. July 19, 1995) ("The whole doctrine of limitations of liability presupposes that a liability exists which is to be limited. If no liability exists there is nothing to limit. If no liability is found to exist, the absence of all liability is to be decreed, and there the matter ends." (cleaned up)). If, on the other hand, the court determines that Savage was negligent, and Savage "fails to establish lack of privity or knowledge, the court [will deny] the limitation petition and the owner is as fully liable as it would have been absent the Limitation Act." *In re Aramark Sports & Entm't Servs., LLC*, 831 F.3d 1264, 1273 (10th Cir. 2016). In such circumstance, Acosta is entitled to prosecute its claims against Savage as if the Limitation Act never existed, including having a jury determine allocation of fault. And even if Savage succeeds in limiting liability,

a jury may decide the remaining issues (GSS's liability, damages, and apportionment of fault). That, of course, depends on whether the claimants agree to stipulations that protect Savage's rights under the Limitation Act. If the claimants cannot agree to such stipulations, the court will hold a bench trial to decide all remaining issues in the case.

Simply stated, it is too early to conclusively determine what will happen after the core limitation issues are decided. The most sensible approach in limitation actions is for the district court to decide the core limitation issues. We can hammer out what comes next once those issues are resolved.

SIGNED this 9th day of September 2024.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE